**UNITED STATES of America,**
**Appellee,**

v.

**Alan Barton NACHAMIE, also known as Alan Barton, Edwin Tunick, Imran Aziz Shaikh, also known as Imran Aziz, also known as John Andrews, Lydia Martinez, Jose Hernandez, Donna Vining, Kenneth Schrager and Alan Siegel, Defendants,**

Ghanshyam Kalani, also known as Jim Kalani, Defendant–Appellant.

No. 03–1425.

United States Court of Appeals,
Second Circuit.

March 26, 2004.

Cheryl J. Sturm, Chadds Ford, Pennsylvania, for Appellant.

Christine Meding, Assistant United States Attorney, Southern District of New York (David N. Kelley, United States Attorney; Celeste L. Koeleveld, Assistant United States Attorney, on the brief), New York, New York, for Appellee.

Present: McLAUGHLIN, RAGGI,
Circuit Judges, TRAGER, District Judge.

## SUMMARY ORDER

Defendant–Appellant Dr. Ghanshyam Kalani appeals from an order of the district court denying his motion pursuant to 18 U.S.C. § 3664(k) for modification of that part of an October 10, 2000 restitution order requiring him to make an immediate lump sum payment of $60,000 and, thereafter, a monthly payment of 10% of gross earnings as a condition of his three-year term of supervised release. We assume familiarity with the facts and procedural history.

Section 3664(k) provides that if a defendant experiences "a material change in [his] economic circumstances," the district court may "adjust the payment schedule" of a restitution order "as the interests of justice require." 18 U.S.C. § 3664(k); *see*

*United States v. Grant,* 235 F.3d 95, 99–100 (2d Cir.2000). We review *de novo* a district court's rulings as to what constitutes a material change in a defendant's economic circumstances, but we review for abuse of discretion its judgment as to whether a change merits modification of a payment schedule. *See United States v. Grant,* 235 F.3d at 99.

Before the district court, Kalani noted in a footnote to his modification motion that adverse market conditions had reduced the value of his gross assets from $182,100 at sentencing to $67,000. While this represents a change in economic circumstances, Kalani does not argue on appeal that the district court failed to recognize this fact or abused its discretion in declining to modify his restitution schedule on this ground. Accordingly, such arguments are waived. *See United States v. Greer,* 285 F.3d 158, 170 (2d Cir.2002). In any event, Kalani could not show any abuse of discretion in this regard. The reduced value of his gross assets from $182,100 to $67,000 was only partially due to a decline in the financial markets. After sentencing, Kalani had apparently spent all of his more liquid assets: $59,800 held in savings and checking accounts at the time of sentencing. As the district court explained, it had ordered Kalani to make an up-front, lump-sum payment of $60,000 on the total restitution order of $161,785 "specifically ... to avoid the potential dissipation of assets." Confronted with evidence that Kalani had engaged in precisely the dissipation feared, the district court acted well within its discretion in refusing to absolve Kalani of his obligation to make the lump-sum payment.

To the extent Kalani argues that the district court erred both at his original sentencing and in its consideration of his modification motion in assuming that his ERISA-based assets were available for restitution, the argument does not present a basis for § 3664(k) relief. That statute permits modification only for a "material change in economic circumstances." 18 U.S.C. § 3664(k); *see United States v. Grant,* 235 F.3d at 100. It does not authorize modification based on a challenge to the legality of the restitution order. *See United States v. Lussier,* 104 F.3d 32, 34 (2d Cir.1997) (holding that illegality of restitution order is not a proper ground to modify the terms of supervised release pursuant to 18 U.S.C. § 3583(e)(2)). Such a challenge should have been raised on direct appeal.

Accordingly, the district court's judgment denying modification is hereby AFFIRMED.